hWOODARD, Judge.
The issues in this worker’s compensation case are, first, whether the claimant-employee has a work-related disability and, second, whether the defendant-employer was arbitrary and capricious in terminating her benefits. The administrative hearing officer decided in favor of the defendant-employer, and the plaintiff-employee has appealed.
FACTS & ACTIONS OF THE COURT
The hearing of this matter was held January 19,1995, in Opelousas. The parties stipulated that Antoinette Zachary, the plaintiff-appellant, had an accident while in the course and scope of her employment with Senior Village Nursing Home, the defendant-appel-lee. The parties stipulated also as to the amount of her average weekly wage and that she was paid temporary total disability benefits from the date of her accident through December 20,1993.
|2It is not disputed that on March 9, 1993; Zachary, a cook’s helper, tripped and fell, striking her head, and bruising her left ankle and left ribs, while carrying out her duties at Senior Village. What is disputed is whether the problems she has had with her eyes since the accident are attributable to this work-related mishap.
She sought emergency room care and treatment at the Doctors’ Hospital of Opelou-sas the same day of the accident. Since the accident, she has been evaluated and treated for problems with her eyes, and she has had surgery on both her eyes. She also testified that she is still having, “every once in a while,” muscle spasms underneath her ribs, but.the dispositive issue in this case centers around whether her work-related accident caused the problems she has since had with her eyes.
The administrative hearing officer ruled that it had not. Zachary appeals. We affirm.
ASSIGNMENTS OF ERROR
First, the plaintiff contends that the hearing officer erred in ruling- that her post-accident ophthalmological afflictions were not caused by the on-the-job slip and fall; second, that the hearing officer was wrong in finding that the defendant was not arbitrary and capricious and without probable cause in terminating her benefits.
LAW & ARGUMENT
The appropriate standard for appellate review in worker’s compensation cases is the same as that which is applicable to district court findings: the hearing officer’s findings of fact are not to be set aside by the courts of appeal unless those findings are clearly wrong/manifestly erroneous in light of the record reviewed in its entirety. Alexander v. Pellerin Marble & Granite, 93-1698 (La. 1/14/94); 630 So.2d 706. The reviewing court must give great weight to factual conclusions arrived at by the trier of fact (in this case the hearing officer), and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even if the appellate court thinks its own evaluations and inferences are as reasonable. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992); Frelow v. Mills, 94-799 (La.App. 3 Cir. 12/7/94); 647 So.2d 475.
^Manifestly Erroneous-Clearly Wrong
In the ease before this court, after a review of the record in its entirety, we conclude that the hearing officer’s determination was reasonable, and that her decision was not manifestly erroneous or clearly wrong.
A claimant in a worker’s compensation action initially has the burden of proving by a preponderance of the evidence that his work-related accident caused his disability. Id. An accident, as defined in statute, is “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault,, and directly producing at the time objective find *1148 ings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La.R.S. 23:1021(1) (emphasis added).
Zachary claims that the blow to her head she received when she slipped and fell caused the serious eye problems she has since experienced. However, uniform medical opinion was that if she had suffered a direct trauma to her eye, there should have been clear, immediate, objective evidence of it, such as eye pain, tearing, redness, swelling, blinking. Moreover, not only were her complaints not substantiated by simultaneous objective medical evidence, Zachary’s testimony as to direct injury to her eye(s) was not corroborated by other witnesses. In fact, it was pointedly contradicted.
She testified that she voiced complaints of eye injury to the two nursing home employees, Susan Bourgogné and Claudia Levier, who directly attended to her soon after her mishap, as well as to the emergency room doctor, Dr. Chester Dellinger, who treated her later that day. All three deny Zachary’s claims. The nursing home employees not only testified that they discerned no symptoms of any injury to the eye, but they further testified that Zachary made no complaints to them of any eye injury or vision problems. Dr. Dellinger also denied Zachary’s contentions. He testified that Zachary never complained to him of having injured her eye, or of eye pain, or of visual problems, and he found no trauma-induced eye injury upon examination.
Although after the on-the-job accident, Zachary had cataract surgery on both her eyes (at different times), as well as a corneal transplant on her left eye, neither the physician who treated her right eye, nor the one who treated her left eye, attributed her eye problems to the accident. Both were of the opinion that her impairments were Udegenerative and predated the accident, and both also affirmed that if she had suffered a blow to her eyes, she would have expressed immediate complaints and had contemporaneous symptoms. Zachary’s only evidence of her eye injury was her unsupported testimony, which was seriously and persuasively refuted by the defendants.
As to Zachary’s ankle and rib injuries, she admits having only residual, sporadic complaints. No medical evidence was submitted that showed she was disabled by these injuries, and, in fact, the plaintiff did not claim at trial that the lingering effects of these injuries prevented her from working.
The hearing officer was not clearly wrong in ruling as she did. The record in its entirety amply supports her decision. Thus, this assignment of error has no merit. Accordingly, we affirm this decision. By this affirmation, the remaining assignment of error is rendered moot.
CONCLUSION
For the reasons given in this opinion, the judgment of the hearing officer is affirmed, and all costs of this appeal are assessed against the plaintiff, Antoinette Zachary.
AFFIRMED.